**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30344 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00103-TMB-1 |
| v. | |
| KOSTAS BAIRAMIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 22, 2013
Anchorage, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Appellant Kostas Bairamis appeals his jury trial conviction for a drug

trafficking conspiracy under 21 U.S.C. §§ 841(a)(1), 846. Bairamis alleges that the

instructions his jury received constituted plain error because they (1) did not

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

include the elements of the object of the conspiracy, (2) did not define the required level of intent for the object of the conspiracy, and (3) contained conflicting knowledge requirements. Bairamis claims these errors were prejudicial. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

Where, as here, the defendant fails to object to the jury instructions in the district court, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Alghazouli*, 517 F.3d 1179, 1183 (9th Cir. 2008).

In a conspiracy case, the jury instructions must define the elements, including the necessary intent, for the underlying offense that is the object of the conspiracy. *United States v. McCaleb*, 552 F.3d 1053, 1058–59 (9th Cir. 2009); *see also United States v. Ching Tang Lo*, 447 F.3d 1212, 1232 (9th Cir. 2006). We assume without deciding that the district court plainly erred in failing to give an instruction defining the elements of the object of the conspiracy.

The general "knowingly" definition given to the jury did not conflict with the requirement that the government prove Bairamis knew that the object of the conspiracy was unlawful. While the government needed to prove that Bairamis knew that the *object* of the conspiracy was unlawful, it did not need to prove that Bairamis knew that the act of entering into the agreement was unlawful. *See United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004).

2

Finally, even if these instructions did constitute plain error, they did not prejudice Bairamis because of the overwhelming evidence of his guilt. When a missing element is uncontested and supported with overwhelming evidence such that the verdict would have been the same without the error, we will deem the error harmless. *See United States v. Nguyen*, 565 F.3d 668, 677–78 (9th Cir. 2009). Given the substantial evidence introduced against Bairamis at trial, it is unlikely that the verdict would have been different even if the instructions had not contained the alleged errors.

**AFFIRMED.**